# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

### TESSA G.,

*Plaintiff-Appellant,*

*v.*

### XAVIER BECERRA,

*Defendant-Appellee.*

---

On appeal from the United States District Court
for the Northern District of Georgia
No. 1:23-CV-02665-LMM-RGV

---

## BRIEF OF APPELLEE
## XAVIER BECERRA

RYAN K. BUCHANAN
*United States Attorney*

MELAINE A. WILLIAMS
*Assistant United States Attorney*

600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
(404) 581-6000

*Tessa G. v. Xavier Becerra*
No. 24-11764-HH

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

The Appellee agrees that the Certificate of Interested Persons and Corporate Disclosure Statement included with Appellant's brief is a complete list of all people and entities known to have an interest in the outcome of this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case. The issues and positions of the parties, as presented in the record and briefs, are sufficient to enable the Court to reach a just determination.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure
  Statement.................................................................................C-1

Statement Regarding Oral Argument .............................................. i

Table of Contents........................................................................... ii

Table of Citations ..........................................................................iv

Statement of Jurisdiction................................................................vi

Statement of the Issues................................................................... 1

Statement of the Case..................................................................... 2

    A. Course of Proceedings and Disposition Below.................... 2

        1. Course of Proceedings..................................................... 2

        2. The Magistrate Judge's Recommendation...................... 3

        3. District Court Decision.................................................... 5

    B. Statement of the Facts .......................................................... 8

    C. Standard of Review ............................................................... 9

Summary of the Argument............................................................ 10

Argument and Citations of Authority ........................................... 12

1. To proceed anonymously, a party must demonstrate a
   substantial privacy interest that outweighs the presumption of
   openness in judicial proceedings; the district court correctly
   found that Plaintiff did not overcome this presumption. ....... 12

    A. The district court applied the correct legal standard and
      factors established by this Circuit when it denied Plaintiff's
      motion to proceed anonymously........................................ 13

    B. The district court correctly ruled that the stigma associated
      with epilepsy, a common medical condition, did not warrant
      anonymity based on this Court's jurisprudence. ................ 17

C. Plaintiff waived the ability to argue that the harm from public online disclosure of her epilepsy status would exceed the harm to the public of not knowing her identity, but this factor does not overcome the presumption of openness.... 19

2. The district court did not abuse its discretion. ....................... 21

   A. The district court properly considered the totality of the circumstances, including Plaintiff's stigma concerns when it denied Plaintiff's request for anonymity. ........................... 22

   B. The district court properly exercised its discretion in determining that Plaintiff's stigma arguments about epilepsy, a common medical condition, did not meet the criteria for anonymity because it did not align with Eleventh Circuit precedent. .............................................. 25

Conclusion ..................................................................... 29

Certificate of compliance withtype-volume limit, typeface requirements, and type-style requirements ............................. 30

Certificate of Service .................................................... 31

# TABLE OF CITATIONS

**Federal Cases**

*A.W. v. Tuscaloosa City School Bd of Education,*
    744 F. App'x. 668 (11th Cir. 2018) ........................................... 12, 13

*Access Now, Inc. v. Southwest Airlines Co.,*
    385 F.3d 1324 (11th Cir. 2004) ....................................................... 23

*Brown v. Advantage Eng'g, Inc.,*
    960 F.2d 1013 (11th Cir. 1992) ....................................................... 12

*Chicago Tribune v. Bridgestone/Firestone,*
    263 F.3d 1304 (11th Cir.2001) ........................................................ 12

*\*Doe v. Frank,*
    951 F.2d 320 (11th Cir.1992) .................... 12, 13, 14, 18, 19, 21, 27

*Doe v. Garland,*
    341 F.R.D. 116 (S.D. Ga. 2021) .................................................... 18

*Doe v. MIT,*
    46 F.4th 61 (1st Cir. 2022) ....................................................... 16, 24

*Doe v. Mylan Pharms., Inc.,*
    1:16-cv72, 2017 WL 1190919 (N.D. W.V. Mar. 30, 2017) ........... 16

*\*Doe v. Neverson,*
    820 F. App'x 984 (11th Cir. 2020) ...................................... 5, 22, 25

*Doe v. Predator Catchers, Inc.,*
    343 F.R.D. 633 (M.D. Fla. 2023) ............................................ 22, 24

*\*Doe v. Sheely,*
    781 F. App'x. 972 (11th Cir. 2019) ............................................ 9, 14

*Doe v. Univ of Miami (Miller Sch. Of Med.),*
    23933-Civ-King, 2012 WL 12960871
    (S.D. Fla. Nov. 28, 2012) ............................................................... 20

*Hurley v. Moore,*
    233 F.3d 1295 (11th Cir. 2000) ...................................................... 23

*Kern v. TXO Prod. Corp.,*
    738 F.2d 968 (8th Cir.1984) ........................................................... 28

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

*L.R. v. Cigna Health & Life Ins. Co.,*
    Case No. 6:22-cv-1819-RBD-DCI,
    2023 WL 4532672 (M.D. Fla. July 13, 2023) .................................. 17

*Macklin v. Singletary,*
    24 F.3d 1307 (11th Cir. 1994) ................................................ 21, 28

*ML Healthcare Servs., LLC v. Publix Super Markets, Inc.,*
    881 F.3d 1293 (11th Cir. 2018) .................................................... 21

*Plaintiff B v. Francis,*
    631 F.3d 1310 (11th Cir. 2011) .......................................... 9, 13, 14

*Roe v. Aware Woman Center for Choice, Inc.,*
    253 F.3d 678 (11th Cir. 2001) ...................................................... 14

*Romero v. Drummond Co., Inc.,*
    480 F.3d 1234 (11th Cir. 2007) .................................................... 12

*Southern Metthodist Univ. Ass'n v. Wynne & Jaffe,*
    599 F.2d 707 (5th Cir. 1979) ........................................................ 14

*United States v. Kelly,*
    888 F.2d 732 (11th Cir.1989) ...................................................... 28

*Whalen v. Roe,*
    429 U.S. 589 (1977) .................................................................... 15

## Federal Statutes

28 U.S.C. § 1291 .................................................................................vi
28 U.S.C. § 1331 .................................................................................vi
Rehabilitation Act of 1973, 29 U.S.C. § 791 ...................................... 8

## Federal Rules

Fed. R. App. P. 4(b)(1)(A) ..................................................................vi
Fed. R. App. P. 32(a)(5)(A) ................................................................ 30
Fed. R. App. P. 32(a)(6) ..................................................................... 30
Fed. R. App. P. 32(a)(7)(B)(i) ............................................................ 30
Fed. R. App. P. 32(f) .......................................................................... 30
Fed. R. Civ. P. 10 .................................................................. 1, 3, 5, 7
*Fed. R. Civ. P. 10(a) ............................................................ 10, 12, 19
Fed. R. Civ. P. 12(b)(1) ........................................................................ 8
Fed. R. Civ. P. 12(b)(6) ........................................................................ 8

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

**TESSA G.,**
*Plaintiff-Appellant,*

*v.*

**XAVIER BECERRA,**
*Defendant-Appellee.*

_____

## STATEMENT OF JURISDICTION

(A) The district court had subject matter jurisdiction over the underlying case based on 28 U.S.C. § 1331.

(B) The court of appeals has jurisdiction over this direct appeal from the judgment of the district court under 28 U.S.C. § 1291.

(C) The notice of appeal was timely filed on May 23, 2024, within 60 days of the entry of the district court's order on April 24, 2024. Fed. R. App. P. 4(b)(1)(A).

(D) This appeal is from a final appealable order under the collateral order doctrine.

## STATEMENT OF THE ISSUES

Whether the district court abused its discretion when it denied Plaintiff's request to proceed anonymously, after applying the relevant legal standards and concluding that Plaintiff had not overcome Federal Rule of Civil Procedure's 10's strong presumption in favor of parties proceeding in their own names.

# STATEMENT OF THE CASE

## A. Course of Proceedings and Disposition Below

### 1. Course of Proceedings

On June 14, 2023, Plaintiff filed a disability discrimination claim against the Secretary of Health and Human Services, Xavier Becerra ("Defendant"), alleging claims of discriminatory discharge, failure to accommodate, retaliation, illegal disclosure pursuant to the Rehabilitation Act, and deprivation of due process in violation of the Fifth Amendment. Doc. 1.[1] Plaintiff also filed a motion seeking leave to file her complaint and associated pleadings and submissions using the alias "Tessa G.," which was assigned by the Equal Employment Opportunity Commission ("EEOC") during the administrative proceedings. Doc. 2.

In her motion for leave, Plaintiff asserted that her complaint "fundamentally concerns her and refers to [her] confidential health and medical information and disabilities," which includes "epilepsy." *Id.* Plaintiff asserted three reasons why using an alias and having her personal identifiable information ("PII") redacted is a more appropriate course of action than filing the complaint and other submissions entirely under seal. *Id.* First, Plaintiff asserted that the EEOC-assigned alias she is requesting to

---

[1] "Doc. ___" refers to the number assigned to the documents listed on the District Court's docket sheet in this case, and the pages within those documents.

use "connects the current [] proceeding with the decisions previously published by the EEOC [] . . ." *Id.* Second, Plaintiff asserted that proceeding with an alias "strikes a balance between the public's right to access judicial records on the one hand, and an individual's well-established right to maintain the confidentiality of their medical-related information on the other." *Id.* at 3. Third, Plaintiff asserted that she made this request to prevent additional, severe professional and/or personal harm from disclosing her epilepsy by way of filing her complaint. *Id.* at 3. Relying on these arguments, Plaintiff asked the Court to issue an order directing that the pleadings, filings, and other submissions redact Plaintiff's name and PII, and allow her to use the alias "Tessa G." Doc. 2 at 5-6.

## 2. The Magistrate Judge's Recommendation

The magistrate judge recommended denial of Plaintiff's motion to proceed under the pseudonym "Tessa G." Doc. 4. The magistrate judge first determined that "[a]lthough Federal Rule of Civil Procedure 10 creates a 'strong presumption in favor of parties proceeding in their own name[,] the rule is not absolute,' and a party may seek leave to proceed anonymously." *Id.* at 5. The magistrate judge also noted that "the fact that [p]laintiff's case relates to her medical history does not per se mean that anonymity is appropriate." *Id.* at 6.

The magistrate judge then analyzed Plaintiff's request in light of several factors that this Circuit requires courts to consider when determining

whether a party may proceed under a pseudonym. *Id.* Although the magistrate judge determined that the first factor weighed in Plaintiff's favor because she was challenging government activity through her EEO claims, it found that the second factor (disclosure of plaintiff's intimate details) did not weigh in her favor because her stated reason, *i.e*, that the revelation of her information will negatively impact her livelihood and cause embarrassment, was "not sufficient to outweigh the presumption of openness in judicial proceedings." *Id.* at 8. The magistrate judge also found that factors three through five weighed against Plaintiff's position because Plaintiff did not contend that: (3) the litigation could result in her being compelled to admit to an intent to engage in illegal conduct; (4) she was a minor; and (5) she was in any real danger of physical harm. *Id.* at 6. The magistrate judge did not opine on the sixth factor (whether proceeding anonymously poses a unique threat of fundamental unfairness to the defendant), since Becerra did not have an opportunity to respond to Plaintiff's motion, and it was unclear whether Becerra knew Plaintiff's identity. *Id.* at 12 n.4.

The magistrate judge's analysis extended beyond the six enumerated factors, acknowledging that they "are not exhaustive." *Id.* at 6. Instead, the magistrate judge emphasized that, "a court's determination is guided by a consideration of all the circumstances of a given case." *Id.* The magistrate judge reviewed Plaintiff's arguments that epilepsy is a "highly

stigmatized medical condition," and referenced numerous cases demonstrating that Plaintiff's concerns about embarrassment and negative impact on livelihood from disclosing epilepsy do not sufficiently outweigh the presumption of openness in judicial proceedings. The magistrate judge also addressed Plaintiff's disclosure concerns, noting that alternative measures such as sealing, redacting or protective orders have been used in similar cases. *Id.* at 12. After "considering the totality of the circumstances," the magistrate judge found that Plaintiff did not overcome the presumption of openness established by Federal Rule of Civil Procedure 10 and denied the motion. *Id.*

Plaintiff raised two objections to the Report and Recommendation ("R&R"). Doc. 5. First, Plaintiff argued that the Order should be reversed because the magistrate judge did not apply the correct legal standard as set forth by this Court, particularly clarified by *Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020). *Id.* Plaintiff contended that the magistrate judge failed to properly weigh the totality of the circumstances as documented in Plaintiff's complaint and motion to proceed anonymously, as required by the Eleventh Circuit. *Id.* at 4.

### 3. District Court Decision

The district court overruled Plaintiff's objections to the R&R and denied Plaintiff's motion. Doc. 26. In so ruling, the district court found that the magistrate judge applied the correct legal standard. Doc. 26 at 3.

Regarding Plaintiff's objection that the magistrate judge failed to apply the "totality of the circumstances" approach described in *Doe v. Neverson*, the district court concluded that the magistrate judge "appears to have done so," and that "other than general empirical evidence about stigma associated with epilepsy, Plaintiff does not point to any factual circumstances that the Magistrate Judge omitted in his analysis." *Id.* at 3 n.1.

The district court then addressed the six factors, focusing first on the second and most important factor in this case: whether Plaintiff's disclosure of her name would require her to disclose information of the utmost intimacy. *Id.* at 3. The district court agreed with the magistrate judge's conclusion that this factor weighed against Plaintiff. *Id.* at 6. Plaintiff did not point to any case law classifying her disclosure of epilepsy as information of the "utmost intimacy." *Id.* Consequently, the district court found that the magistrate judge's decision on this factor was neither clearly erroneous nor contrary to law. *Id.*

Regarding the other five factors, the district court agreed with the magistrate judge that four of the other factors mostly weighed against Plaintiff. *Id.* Although the first factor weighed in Plaintiff's favor because she was challenging government action, the district court determined that this factor alone was not sufficient to justify fictitious pleading. Doc. 26 at 5. Nor were the third, fourth and fifth factors applicable because Plaintiff

had conceded that the factor about disclosing illegal conduct was inapplicable, Plaintiff was not a minor, and Plaintiff had not shown why disclosure of her name could expose her to a physical threat or violence. *Id.* Regarding the sixth factor, the record was unclear as to whether proceeding anonymously posed a unique threat of fundamental unfairness to the Defendant. Although Plaintiff argued that Defendant already knows her identify and presumably would suffer no prejudice from her proceeding under a pseudonym, however, the district court found that this "demonstrates only that Defendant's circumstances do not weigh against Plaintiff's privacy interest but it did *not* constitute an affirmative reason for Plaintiff's interest to override the presumption of openness." *Id.* at 5 (emphasis italicized in original).

The district court also reviewed the cases cited by Plaintiff that reference the stigma of mental health conditions and sexually transmitted diseases but found that they did not directly address whether the stigma associated with epilepsy, a common medical condition, is sufficient to warrant anonymity. *Id.* at 6.

The district court thus agreed with the magistrate judge that four of the six factors weighed against Plaintiff's and that, considering the totality of the circumstances, Plaintiff had not overcome Federal Rule of Civil Procedure 10's strong presumption in favor of parties proceeding in their own names. Doc. 26 at 6. The district court concluded that the magistrate

judge's findings were "not clearly erroneous or contrary to law," and overruled Plaintiff's objections, directing Plaintiff to comply with the magistrate judge's Order. *Id.* at 6.

Plaintiff filed an interlocutory appeal on May 23, 2024. Doc. 27.

## B. Statement of the Facts

Plaintiff, an attorney and former Legal Analyst with the Oak Ridge Institute for Science and Education ("ORISE") at the Agency's Office of State Tribal Local and Territorial Support in Atlanta, Georgia, filed a five-count complaint against Defendant in his official capacity as Secretary of the United States Department of Health and Human Services, alleging several violations pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 ("Rehabilitation Act"). Doc. 1 (Complaint).

On December 22, 2023, Defendant filed a motion to dismiss arguing that Defendant is entitled to dismissal on all five counts of Plaintiff's complaint for either lack of jurisdiction or failure to state a claim pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Doc. 10. After receiving Defendant's motion to dismiss, Plaintiff filed a First Amended Complaint, making identical allegations of discriminatory discharge and retaliation in Counts I and III, but adding factual allegations to bolster her failure to accommodate, illegal disclosure, and Due Process claims in Count II, IV, and V. *See* Doc. 15. Defendant filed a Second Motion to Dismiss Plaintiff's Amended Complaint, and on July 22,

2024, the magistrate judge recommended dismissal of Counts II, IV, and V. Docs. 16, 32. On September 18, the district court adopted the magistrate judge's recommendation, and dismissed Counts II, IV, and V of Plaintiff's First Amended Complaint. Doc. 40.

Prior to filing this action, Plaintiff filed an EEO administrative complaint, alleging that the Agency discriminated against her on the basis of disability and retaliation when, on November 6, 2014, she was terminated from her position of Legal Analyst ORISE Fellow. Doc. 16-2 ("Excerpts from the Report of Investigation"). As discussed above, Plaintiff filed a motion for leave to proceed anonymously, using the alias "Tessa G.," and citing 2 of the 6 factors that this Court has identified as factors for trial courts to consider when determining whether a party should be permitted to proceed anonymously. Doc. 2.

**C. Standard of Review**

A district court's denial of a motion to proceed anonymously is reviewed for abuse of discretion. *Doe v. Sheely,* 781 F. App'x. 972, 973 (11th Cir. 2019); *Plaintiff B v. Francis,* 631 F.3d 1310, 1315 (11th Cir. 2011).

## SUMMARY OF THE ARGUMENT

Rule 10(a) of the Federal Rules of Civil Procedure requires that parties in a civil case be identified by their real names. To proceed anonymously, a party must establish a substantial privacy right that outweighs the presumption of openness in judicial proceedings. Plaintiff failed to make that showing. The district court applied the correct legal standard established by this Court to evaluate whether a plaintiff should proceed anonymously. After evaluating the relevant factors, the district court carefully considered the most important factor and properly determined that this Court has never classified a plaintiff's disclosure of epilepsy as information of the "utmost intimacy." The district court, guided by Circuit precedent and in a proper exercise of discretion, adhered to this Court's established jurisprudence, and that decision should be affirmed.

The district court also correctly considered the totality of the circumstances as required by this Court and considered all of the evidence presented by Plaintiff through her claims and arguments. The district court carefully applied the six factors that this Court uses to evaluate whether a party may proceed anonymously, and correctly concluded that the magistrate judge's findings were not clearly erroneous or contrary to law. Plaintiff does not cite any evidence that the district court failed to consider when it overruled her objections.

Plaintiff argues that the district court failed to consider three new factors, but these arguments should be rejected. They were not raised below and are thus abandoned. Even if these factors are considered here, they do not establish a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.

This Court should affirm the district court's decision.

# ARGUMENT AND CITATIONS OF AUTHORITY

1. **To proceed anonymously, a party must demonstrate a substantial privacy interest that outweighs the presumption of openness in judicial proceedings; the district court correctly found that Plaintiff did not overcome this presumption.**

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint identify all the parties." Fed. R. Civ. P. 10(a); *see also Doe v. Frank*, 951 F.2d 320, 322-324 (11th Cir.1992). Rule 10(a) "serves more than [an] administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *A.W. v. Tuscaloosa City School Bd of Education*, 744 F. App'x. 668, 670 (11th Cir. 2018) (*citing Frank*, 951 F.2d at 322). The public's right to access judicial proceedings is a fundamental component of our justice system, essential for maintaining the integrity of the process. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (*quoting Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir.2001)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Although Rule 10(a) generally requires plaintiffs to include the names of all parties in a complaint, anonymity is allowed in exceptional cases. A plaintiff may proceed anonymously only if they demonstrate a substantial privacy right that outweighs the "customary and constitutionally-embedded

presumption of openness in judicial proceedings." *A.W.*, 744 F. App'x. at 670 (citing *Frank*, 951 F.2d at 323). There is a strong presumption in favor of parties proceeding in their own names, and public policy concerns are satisfied when a district court requires a plaintiff to either establish their entitlement to anonymity based on the Court's factors, or proceed by identifying themselves by name. *Plaintiff B v. Francis,* 631 F.3d 1310, 1315 (11th Cir. 2011); *A.W.*, 744 F. App'x. at 672.

The district court determined that Plaintiff failed to establish entitlement to proceed anonymously under this Court's enumerated factors. Plaintiff has not presented any additional facts or evidence to justify anonymity based on the totality of the circumstances. *See* Doc. 26; Plaintiff's Opening Brief ("Plt's Brf").

**A. The district court applied the correct legal standard and factors established by this Circuit when it denied Plaintiff's motion to proceed anonymously.**

This Court looks to three initial factors, and three secondary factors when evaluating whether a plaintiff may proceed anonymously: (1) are the plaintiffs challenging governmental activity; (2) will the plaintiffs be required to disclose information of the utmost intimacy; (3) will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) are the plaintiffs minors; (5) are the plaintiffs threatened with violence or physical harm by proceeding in their own names; and (6) whether the plaintiffs anonymity poses a unique threat of

fundamental unfairness to the defendant. *Francis*, 631 F.3d at 1316; *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019). In *Frank*, the court noted that:

> The enumerated [initial] factors in *Stegall* were not intended as a 'rigid, three-step test for the propriety of party anonymity. Nor was the presence of one factor meant to be dispositive. Instead, they were highlighted merely as factors deserving consideration. A judge, therefore, should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'

*Frank*, 951 F.2d at 323 (emphasis in original) (citing *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)).

With regards to the most relevant factor at issue in this case, whether the disclosure of a party's name would require them to disclose information of the "utmost intimacy" ("the utmost intimacy factor"), this Court has held that the "information of utmost intimacy" standard applies to cases involving issues such as abortion, prayer, personal religious beliefs, and sexual abuse in jail. *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (prayer and personal religious beliefs); *Frank*, 951 F.2d at 324; *Sheely*, 781 F. App'x at 972-74 (fictitious pleading justified where plaintiff was sexually abused in jail).

On appeal, Plaintiff focuses only on the utmost intimacy factor to argue that her "epilepsy diagnosis is also information of the 'utmost intimacy' because it is confidential health information in which Plaintiff has a substantial and constitutionally-embedded privacy interest." Plt's Br. at 14.

However, the district court considered this factor and determined it weighed against Plaintiff. Doc. 26 at 3. The court rejected Plaintiff's reliance on precedents concerning the stigma of mental health conditions and sexually transmitted diseases, finding that these cases do not suggest that the stigma associated with epilepsy—a common medical condition—sufficiently warrants anonymity under the applicable factual scenarios.

Plaintiff acknowledges that no court has classified epilepsy as information of the "utmost intimacy." Plt's Br. at 11, 20. She also acknowledges that not all plaintiffs with private medical issues are automatically entitled to anonymity in litigation. Plt's Br. at 11. Nevertheless, Plaintiff argues that in cases like the instant one where a party's confidential medical diagnosis is central to the complaint, and cannot be effectively sealed or redacted to prevent public disclosure, such information should be regarded as the "utmost intimacy." Plt's Br. at 16. She further argues by analogy that if such matters as religion, birth control, and abortion constitute information of "utmost intimacy," then a confidential medical diagnosis should be similarly regarded, especially given the constitutional right to the privacy of health information. Plt's Br. at 16 (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).

Plaintiff also relies on *Whalen v. Roe*, and a nonbinding First Circuit decision, *Doe v. MIT*, to argue that the "First Circuit has recognized that 'medical concerns' are 'intimate issues alongside [s]exual activities, reproductive rights, [and] bodily autonomy.'" Plt's Br. at 16 (citing *Doe v.*

*MIT,* 46 F.4th 61, 66 (1st Cir. 2022)). However, this reliance is misplaced. These cases do not address this Court's "utmost intimacy" factor. Plt's Br. at 24. *Whalen v. Roe* involved a constitutional challenge to New York statutes requiring the state to receive copies of certain drug prescriptions, and *Doe v. MIT,* formulated a different test for assessing when parties may proceed anonymously that is nonbinding here. *Doe v. MIT,* 46 F.4th at 69-72. Furthermore, *MIT* did not define what constitutes "medical concerns," making it less relevant. In *Doe v. Mylan Pharms., Inc.,* 1:16-cv72, 2017 WL 1190919, at *1 (N.D. W.V. Mar. 30, 2017), the court allowed the use of a pseudonym for a plaintiff in a disability discrimination case with a seizure disorder, but it did not address this Court's criteria for determining "utmost intimacy."

Plaintiff argues that she has a right to the privacy of her confidential health information because it is not possible to prevent public disclosure of her epilepsy diagnosis from redaction or sealing. Plt's Br. at 18. Plaintiff further argues that the "District Court in effect acknowledged that it would not [be] possible to conceal [her] epilepsy diagnosis from the complaint and public view by redacting or sealing that information." Plt's Br. at 17 (citing Doc. 26 at 4). Plaintiff cites to the district court's decision, however, there is no indication that the district court made such an acknowledgement. In fact, the magistrate judge suggested that Plaintiff's concerns could be alleviated through sealing or redaction:

The Court does not take lightly [p]laintiff's concern regarding the disclosure of protected medical information. [*L.R. v. Cigna Health & Life Ins. Co.*, 6:22-cv-1819-RBD-DCI, 2023 WL 4532672, at *4 (M.D. Fla. July 13, 2023)]. When faced with similar arguments offered in support of a request to proceed anonymously, however, courts have found that the information can be alternatively sealed, redacted, or subjected to a protective order. *Id.* (citations omitted)

Doc. 4 at 12. Additionally, the magistrate judge has already sealed certain pleadings and exhibits at the request of both parties. *See* Docs. 10, 11, and 16. Plaintiff has also submitted redacted versions of these documents, demonstrating that it is possible for her to proceed under her own name.

Given that Plaintiff has already redacted her name and the court has sealed certain pleadings, her argument that anonymity is warranted due to the impossibility of concealing her epilepsy diagnosis from public disclosure fails.

As Plaintiff has not met this Court's criteria for "utmost intimacy" to proceed anonymously, the district court's determination that this factor weighed against Plaintiff' was not an abuse of discretion. That decision should be upheld.

## B. The district court correctly ruled that the stigma associated with epilepsy, a common medical condition, did not warrant anonymity based on this Court's jurisprudence.

On appeal, Plaintiff contends that it is "beyond refute that the stigma surrounding epilepsy is severe and persistent," and she asserts that the district court "ultimately acknowledged there is a stigma surrounding epilepsy." Plt's

Br. at 20. However, Plaintiff admits that she is unaware of any case directly addressing whether the stigma surrounding epilepsy specifically justifies anonymity or constitutes information of the "utmost intimacy." Instead, Plaintiff urges this Court to grant her anonymity based on her epilepsy diagnosis as it has done in other cases where anonymity was granted for plaintiffs with conditions such as HIV and mental illness. Plt's Br. at 20-21.

In the proceedings below, the district court considered Plaintiff's arguments with this Court's precedents concerning the stigma of mental health conditions and sexually transmitted disease. Doc. 26. Nevertheless, the district court concluded that these precedents did not address whether the stigma associated with epilepsy, a common medical condition, is sufficient to warrant anonymity. Doc. 26 at 4. Additionally, the district court rejected Plaintiff's claim that the magistrate judge minimized the serious social stigma associated with her condition. Doc. 26 at 4. Although the district court recognized the stigma associated with epilepsy, it determined that plaintiffs are generally required to disclose sensitive medical and mental health conditions in disability discrimination cases. *Id.* (citing *Frank*, 951 F.2d at 324; *Doe v. Garland*, 341 F.R.D. 116, 118 (S.D. Ga. 2021). The district court also noted that while this Court has suggested that a plaintiff's sexuality, gender identity, or severe mental health condition may qualify as highly sensitive information justifying anonymity, Plaintiff points to no case law classifying a plaintiff's disclosure of epilepsy as information of the "utmost

intimacy." *Id.* The district court correctly followed this Court's case law in adopting the magistrate judge's ruling, and Plaintiff has not shown that there was a clear error of judgment. The district court's decision should be upheld.

**C. Plaintiff waived the ability to argue that the harm from public online disclosure of her epilepsy status would exceed the harm to the public of not knowing her identity, but this factor does not overcome the presumption of openness.**

In her initial brief, Plaintiff only addressed one of the six factors enumerated by this Court when evaluating whether a party may proceed anonymously. Plt's Br. at 14. Rather than addressing the other five factors, Plaintiff introduces a new one – for the first time on appeal – that the harm to Plaintiff from public online disclosure of Plaintiff's epilepsy status would significantly exceed the harm to the public of not knowing Plaintiff's identity. Plt's Br. at 21. While this factor could have been raised in district court for its consideration of the "totality of the circumstances," Plaintiff failed to do so, and her argument is not properly before this Court.  Accordingly, for the reasons stated *supra* at 17-18, Plaintiff's argument should be summarily rejected on appeal.

Even if the district court had considered this factor of balancing the harm from public online disclosure with harm to Plaintiff, it would not establish a substantial privacy right that outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. Fed. R. Civ. P. 10(a). The public online disclosure of Plaintiff's epilepsy would not override

this presumption of openness for the same reasons discussed previously; no court has classified a plaintiff's disclosure of epilepsy as information of the "utmost intimacy." *See supra* at 18-19.

Plaintiff argues that if she were required to proceed in her name, her medical diagnosis could be publicly accessible to potential employers, to prospective romantic partners, or landlords, thereby exposing her private information before meeting her. Plt's Br. at 22. But as the district court noted, the magistrate judge considered the "totality of the circumstances," including the impact described by Plaintiff, and found that this impact did not outweigh the presumption of openness in judicial proceedings. Doc. 4 at 8-9 (citing *Doe v. Univ of Miami (Miller Sch. Of Med.)*, No. 23933-Civ-King, 2012 WL 12960871, at *2 (S.D. Fla. Nov. 28, 2012)(finding plaintiff had not demonstrated a substantial privacy interest where plaintiff sought to proceed anonymously because "disclosing his name would subject him to serious social stigma and impair his ability to find future employment.")).

But the magistrate judge "did not take lightly" Plaintiff's concerns. Doc. 4 at 12. He cited similar cases where courts have found alternative methods to protect privacy, such as sealing, redacting or issuing protective orders. *Id.* Accordingly, based on its findings, and given these safe guards to address Plaintiff's concerns, the magistrate judge concluded that Plaintiff had not presented an unusual situation where the need for party anonymity outweighed the presumption of openness. *Id.* The district court upheld this

finding, agreeing that the magistrate judge applied the correct legal standard. Doc. 26 at 4. Additionally, the magistrate judge has already taken the measures indicated above by sealing documents and accepting redacted filings. *See* Docs. 10, 11 and 16. Plaintiff has not shown any clear error of law in this decision.

## 2. The district court did not abuse its discretion.

The standard of review for a trial court's decision on whether a plaintiff may proceed anonymously is whether the trial court abused its discretion. *Frank*, 951 F.2d at 323. Under the abuse of discretion standard, this Court will only reverse if it finds that the district court has made a clear error of judgment or applied the wrong legal standard. *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.,* 881 F.3d 1293, 1297 (11th Cir. 2018). Under the abuse of discretion standard of review, this Court will affirm the district court's decision even though it would have decided the issue differently. *Macklin v. Singletary,* 24 F.3d 1307 (11th Cir. 1994).

On appeal, Plaintiff argues that the district court abused its discretion when it denied her request by "failing to properly consider *all* the circumstances of the Complaint, and by misapplying the relevant legal standards for determining when anonymity is justified." Plt's Brief, at 11, 24, 27. However, as discussed more fully below, the district court properly considered the totality of the circumstances when it denied Plaintiff's request

for anonymity. The district court applied the correct legal standard, and therefore did not abuse its discretion.

### A. The district court properly considered the totality of the circumstances, including Plaintiff's stigma concerns when it denied Plaintiff's request for anonymity.

In its decision, the district court began by listing the six factors identified by this Court to evaluate whether a party should be allowed to proceed anonymously. Doc. 26 at 2. The district court then explained, with specific reference to Plaintiff's claims and application of the six factors, its rationale for agreeing with the magistrate judge that four of the six factors either weighed against Plaintiff or did not apply. Doc. 26 at 4-6. The district court also reviewed the magistrate judge's findings to ensure that he had applied this Court's totality of the circumstances approach in *Doe v. Neverson*, 820 F. App'x at 984. *Id.* at 3. The district court found that the magistrate judge had indeed done so, and noted that, aside from "general empirical evidence about stigma associated with epilepsy, Plaintiff does not point to any factual circumstances that the magistrate judge omitted in his analysis." *Id.* at 3 n.1. Indeed, the magistrate judge determined that the six factors were "not exhaustive," but that the determination is guided by a consideration of all the circumstances of a given case. Doc. 4 at 6 (citing *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 637 (M.D. Fla. 2023)).

On appeal, Plaintiff argues that the district court failed to consider three specific circumstances in the complaint. Plt's Br. at 24. However, these

arguments are being raised for the first time on appeal and rely on nonbinding caselaw that was not presented to the district court. Consequently, these issues are not properly before this Court and should be summarily rejected on appeal.

Issues not raised in the district court and raised for the first time on appeal will not be considered by this Court absent certain exceptions not present here. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court"). Consequently, having failed to properly raise these issues in district court, Plaintiff waived the ability to raise them on appeal. The district court did not abuse its discretion by not addressing arguments that were not previously presented.

Even if the Court were to consider the circumstances raised by Plaintiff, the record shows that they were already addressed or not applicable to her case. First, Plaintiff argues that the district court erred by "*limiting* its assessment of whether Plaintiff's privacy interests warrant anonymity to those six factors," rather than using the six factors as a starting point for considering all the circumstances of the complaint below. Plt's Br. at 24-25. But the district court's analysis went beyond the six factors, and considered Plaintiff's arguments regarding the stigma associated with epilepsy. Doc. 26 at 3 n.1. Additionally, as noted above, the magistrate judge expressly determined that

the six factors were "not exhaustive," but that the determination is guided by a consideration of all the circumstances of a given case. Doc. 4 at 6 (citing *Predator Catchers, Inc.*, 343 F.R.D. at 637).

Second, Plaintiff asserts that "[a] significant (and distinct) factor that the District Court did not weigh is the impact its ruling would have on her EEO complaint and proceedings." Plt's Br. at 25. Relying again on the First Circuit's decision in *Doe v. MIT*, Plaintiff asserts that whether a complaint is bound up with a prior administrative proceeding that was made private pursuant to law is an important factor for courts to consider in weighing request for anonymity. Plt's Br. at 26 (citing *Doe v. MIT*, 46 F.4th at 72). But while the district court could have considered this factor had it been properly raised, it was not obligated to consider factors from the First Circuit.

Third, Plaintiff argues that the district court failed to address her concern that she would suffer harm "similar to and rivaling the very harm from the discrimination and retaliation that she seeks to remedy through her complaint," if anonymity is not granted. Plt's Br. at 26. Although Plaintiff does not specify the nature of the harm she is talking about, to the extent she is describing the impact of disclosure similar to the concerns she discussed with online disclosure to the public, the district court properly addressed those concerns and suggested safe guards to prevent unwarranted disclosure.

Contrary to Plaintiff's claims, the district court considered all arguments presented below, and even the issues that were applicable to this case. The district court's decision should be upheld.

**B. The district court properly exercised its discretion in determining that Plaintiff's stigma arguments about epilepsy, a common medical condition, did not meet the criteria for anonymity because it did not align with Eleventh Circuit precedent.**

Relying on *Doe v. Neverson*, Plaintiff argues that the district court abused its discretion by "misapplying the legal standard established by this Court, which holds that the stigma attached to a plaintiff's disclosure may justify anonymity." Plt's Br. at 26. In *Neverson*, this Court reversed a district court's decision for failing to consider that, in other cases, "social stigma" can be sufficient to warrant proceeding anonymously. 820 F. App'x 984, 988 (11th Cir. 2020). As this Court explained:

> 'Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality' because 'the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings. ... The district court erred by treating Ms. Doe's motion as merely alleging personal embarrassment, without accounting for what she actually alleged or considering our social stigma cases.

*Id.*

Unlike the district court in *Neverson*, which was criticized for not considering the social stigma, the district court here adopted the magistrate

judge's decision which thoroughly reviewed Plaintiff's extensive arguments concerning the social stigma associated with epilepsy. Doc. 4 at 8-12; Doc. 26 at 3 n.1. The magistrate judge did not "chalk up" Plaintiff's concerns as mere embarrassment, like Plaintiff claims, and it "did not take lightly'" Plaintiff's concerns. Doc. 4 at 12. Rather, it addressed them with careful consideration, and presented similar cases where the courts sealed, redacted or issued a protective order. *Id.*

The district court was satisfied that the magistrate judge properly applied the totality of the circumstances approach outlined in *Doe v. Neverson* and found that "other than general empirical evidence about stigma associated with epilepsy, Plaintiff does not point to any factual circumstances that the magistrate judge omitted in his analysis." Although the district court was mindful of the stigma associated with epilepsy, it determined that this alone was insufficient to justify anonymity. Doc. 26 at 4. The district court noted that in disability discrimination cases, "courts have required plaintiffs to disclose even sensitive medical and mental health conditions." *Id.* The district court surveyed this Court's case law and found no precedent classifying the disclosure of epilepsy as information of the utmost intimacy, unlike cases involving sexuality, gender identity, or severe mental health conditions.

Plaintiff next argues that the district court "abused its discretion" by failing to apply *Neverson* and *Frank*, which allowed for anonymity in cases involving stigma associated with public disclosure, and should have granted

her anonymity once it acknowledged the stigma surrounding epilepsy. Plt's Br. at 27. Plaintiff contends that the district court unfairly penalized her for not citing a case where epilepsy was explicitly recognized as information of "utmost intimacy." *Id*. However, the district court carefully reviewed the cases cited by Plaintiff and correctly determined that, while these cases addressed the stigma of "mental health conditions and sexually transmitted disease," they did not hold that the stigma associated with epilepsy — a common medical condition — warrants anonymity. Doc. 26 at 3 (citing *Frank*, 951 F.2d at 323-24).

Under the abuse of discretion standard, this Court will only reverse if it finds that the district court made a clear error of judgment or applied the wrong legal standard. The district court properly found no Circuit precedent supporting the claim for anonymity based on epilepsy alone and noted Plaintiff had only cited cases where anonymity was granted for conditions other than hers. Moreover, while the district court acknowledged Plaintiff's concerns regarding the stigma of epilepsy, it noted that courts have "generally required plaintiffs to disclose even sensitive medical and mental health conditions in disability discrimination cases." Doc. 26 at 4.

Guided by this Court's precedent and broader case law, the district court concluded that Plaintiff's concerns about potential embarrassment or diminished job prospects did not outweigh the presumption of openness in judicial proceedings. In a proper exercise of discretion, the district court

adhered to this Court's established jurisprudence and did not abuse its discretion.

As this Court stated previously, the abuse of discretion standard permits "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989) (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970-71 (8th Cir.1984) ("The very concept of discretion presupposes a zone of choice within which the trial courts may go either way.")); *Macklin*, 24 F.3d at 1311. There will be occasions when this Court affirms the district court even though it would have gone the other way had it been the Court's call. *Id.*

In this case, the district court made a reasoned decision to deny anonymity. Given the totality of the circumstances, the district court did not abuse its discretion. Therefore, its decision should be upheld.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that this Court affirm the decision of the district court.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

*/s/ Melaine A. Williams*
MELAINE A. WILLIAMS
*Assistant United States Attorney*

# CERTIFICATE OF COMPLIANCE WITHTYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,209 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared by a proportionally spaced typeface using Microsoft Word 2016 word processing software in 14-point Goudy Old Style.


September 20, 2024


/s/ Melaine A. Williams
MELAINE A. WILLIAMS
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

This day the Appellee's Brief was filed and served using the Court's CM/ECF system, which automatically sends notification to parties and counsel of record. The listed pro se litigants, and attorneys who are exempt from electronic filing, were served this day by mail at the listed address as set forth in Fed. R. App. P. 25:

> Tessa G, *Pro Se* Plaintiff
> c/o Pamela S. Gillis Gilbertz
> 208 Stonecutters Walk
> Stockbridge, GA 30281

September 20, 2024

> */s/ Melaine A. Williams*
> MELAINE A. WILLIAMS
> *Assistant United States Attorney*